### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Anthony Gonzalez Alvarez,

    Defendant.

Case No. 25 CR 635-1

Hon. LaShonda A. Hunt

### <u>ORDER</u>

Waiver of indictment, arraignment, and change of plea hearing held on 4/15/26. Defendant Anthony Gonzalez Alvarez (1) present in court on bond with the assistance of defense counsel. Defendant acknowledges receipt of the Superseding Information filed by the United States Attorney's Office and waives formal reading of the Superseding Information. Defendant is advised of charges and penalties available under the law and informed of his rights. Upon inquiry under oath, the finding and judgment of the Court is that: (1) the defendant is fully competent and capable of waiving his right to indictment by the Grand Jury and of entering into an informed plea; (2) the defendant is aware of the nature of the charges and the consequences of the waiver; and (3) that the waiver of indictment is a knowing and voluntary waiver. Waiver of indictment executed. Enter Waiver of Indictment. Consequently, the Court accepts the Defendant's waiver of indictment as to the offense charged in the Superseding Information.

Change of plea proceedings held. Upon inquiry under oath, the finding and judgment of the Court is that the defendant is fully competent and capable of entering into an informed plea, and the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. Enter Plea Agreement. However, pursuant to Fed. R. Crim. P. 11 (c)(3), the Court defers decision on the binding Plea Agreement as to Defendant's sentence on Count 1s of the Superseding Information until review of the presentence investigation report. The Court will issue a ruling on acceptance or rejection of the Plea Agreement within one week after the filing of the presentence report.

This case is referred to the Probation Office for preparation of the presentence report. Pursuant to Local Criminal Rule 32. l(f), the Court gives notice to the Probation Office and directs it to disclose the Probation Office's sentencing recommendation (along with the PSR) to counsel for the defendant and the government. Presentence report is due by 6/17/26. Sentencing material and any memoranda making objections to the presentence

1

report, seeking sentencing departures or variances, or otherwise discussing the sentencing factors set forth in Title 18 U.S.C. Section 3553(a) must be filed (in one combined filing per side) by 7/8/26. In their sentencing materials, the parties must state whether they have any objections to, or alternate recommendations regarding, both the term and conditions of supervised release as recommended by the Probation Office. Any responses must be filed by 7/16/26. Failure to file the material or memoranda by that deadline risks waiver or forfeiture, including the inability to raise untimely objections to the presentence report. Sentencing is set for 7/22/26 at 10:30AM in Courtroom 1425. Government's oral motion to exclude time is granted. Time is excluded to 7/22/26, in the interest of justice. Bond and all conditions of release to stand at this time.

The pretrial motion schedule and hearing set for 6/11/26 [30] are stricken.

(T: 30)

**DATED**:     4/16/2026                          **ENTERED**:

LaShonda A. Hunt
_____
LASHONDA A. HUNT
United States District Judge

2